isted, it did not affect them for the reason that it was unrecorded, and the court sustained the position last stated, citing a number of authorities, and among them the following from the opinion in Summers & Brannin v. Clark, 30 La. Ann. 436, to wit:

"Boyd holds under an unrecorded lease, and any payments of rent which he may have made by anticipation to Clark are without effect as against creditors or subsequent purchasers of Clark. Nor are these principles more inequitable when applied to a lessee than when applied to a purchaser of immovables without registry, or movables without delivery. If a vendee in such case can by seizure be deprived of possession and enjoyment under his purchase, why not a lessee? If in such case it is no defense that the vendee has paid the price, why is it [a defense] that a lessee has paid the rent?"

In the instant case, if the plantation had been bought by the irrigation company and the title had not been recorded, it might have been seized and sold by any ordinary creditor of the vendor, since all sales, contracts, judgments, and acts affecting and concerning immovable property not recorded according to law are declared to be utterly null and void, except as between the parties thereto. Upon what theory, then, can the rights asserted by the receivers arising from an unrecorded "understanding" with we know not whom, but, say, with Stamen, the then owner, be held to defeat a seizure made by Stamen's creditor to enforce payment of the price of the property seized?

[4] Again, it is not easy to understand how any one claiming under Stamen could acquire greater rights quoad the property in question as against Stamen's vendor than Stamen himself could have acquired; and, if Stamen had constructed the canals and the fences and the barns which are mentioned in the petition of the interveners, he could hardly expect to recover anything for them whilst still indebted on his notes for the price of the property to the extent of more than $23,000. Upon the whole, we find no error in the judgment appealed from, which is therefore

Affirmed.

PROVOSTY, J., concurs, except as to the proposition that, even if the intervener had been in good faith, it could not have recovered for enhanced value.

---

(72 South. 420)

No. 21083.

BOAGNI v. SCHELL (EDENBORN et al., Interveners).

(June 30, 1916.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Action by E. M. Boagni against J. Franklin Schell, in which William Edenborn and another, joint receivers of the Union Irrigation Company, filed a petition in intervention and third opposition. From the judgment, an appeal is taken. Affirmed.

Dart, Kernan & Dart, of New Orleans for appellant Dart. John W. Lewis and R. Lee Garland, both of Opelousas, and Foster, Milling, Saal, & Milling, of New Orleans, for interveners. Dudley L. Guilbeau, of Opelousas, for appellee.

MONROE, C. J. The questions presented in this case are fully considered and disposed of in the opinion in the case of E. M. Boagni v. E. A. Stamen (No. 21086) 72 South. 417,[1] this day handed down; and, for the reasons there assigned, the judgment herein appealed from is affirmed.

---

(72 South. 420)

No. 21084.

BOAGNI v. STAMEN (EDENBORN et al., Interveners).

(June 30, 1916.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Action by E. M. Boagni against E. A. Stamen, in which William Edenborn and another, joint receivers of the Union Irrigation Company, file a petition in intervention and third

[1] Ante, p. 851.

opposition. From the judgment, an appeal is taken. Affirmed.

Dart, Kernan & Dart, of New Orleans, for appellant Dart. John W. Lewis and R. Lee Garland, both of Opelousas, and Foster, Milling, Saal & Milling, of New Orleans, for interveners. Dudley L. Guilbeau, of Opelousas, for appellee.

MONROE, C. J. The questions presented in this case are fully considered and disposed of in the opinion in the case of E. M. Boagni v. E. A. Stamen (No. 21086) 72 South. 417,[1] this day handed down; and, for the reasons there assigned, the judgment herein appealed from is affirmed.

========

(72 South. 420)

No. 21085.

BOAGNI v. STAMEN (EDENBORN et al., Interveners).

(June 30, 1916.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Action by E. M. Boagni against E. A. Stamen, in which William Edenborn and another, joint receivers of the Union Irrigation Company, file an intervention and third opposition. From the judgment, an appeal is taken. Affirmed.

Dart, Kernan & Dart, of New Orleans, for appellant Dart. John W. Lewis and R. Lee Garland, both of Opelousas, and Foster, Milling, Saal & Milling, of New Orleans, for interveners. Dudley L. Guilbeau, of Opelousas, for appellee.

MONROE, C. J. The questions presented in this case are fully considered and disposed of in the opinion in the case of E. M. Boagni v. E. A. Stamen (No. 21086) 72 South. 417,[1] this day handed down; and, for the reasons there assigned, the judgment herein appealed from is affirmed.

========

(72 South. 420)

No. 21087.

BOAGNI v. STAMEN (EDENBORN et al., Interveners).

(June 30, 1916.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Action by E. M. Boagni against E. A. Sta-

men, in which William Edenborn and another, joint receivers of the Union Irrigation Company, file an intervention and third opposition. From the judgment, an appeal is taken. Affirmed.

Dart, Kernan & Dart, of New Orleans, for appellant Dart. John W. Lewis and R. Lee Garland, both of Opelousas, and Foster, Milling, Saal & Milling, of New Orleans, for interveners. Dudley L. Guilbeau, of Opelousas, for appellee.

MONROE, C. J. The questions presented in this case are fully considered and disposed of in the opinion in the case of E. M. Boagni v. E. A. Stamen (No. 21086) 72 South. 417,[1] this day handed down; and, for the reasons there assigned, the judgment herein appealed from is affirmed.

========

(72 South. 421)

No. 21933.

THOMPSON et ux. v. ILLINOIS CENT. R. CO. et al.

In re ROSELAND VENEER & PACKAGE CO., Limited.

(June 30, 1916.)

*(Syllabus by the Court.)*

RAILROADS ⬤═383(1)—OPERATION—INJURIES AT CROSSINGS—CONTRIBUTORY NEGLIGENCE.

It is negligence for a pedestrian not to stop, look, and listen before entering a narrow space between freight cars standing on a switch track while a locomotive is approaching in close proximity to the end of the train.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1305, 1309; Dec. Dig. ⬤═383(1).]

Certiorari to Court of Appeal, First Circuit.

Action by Thadeus A. Thompson and wife against the Illinois Central Railroad Company and another. Judgment for plaintiff, and defendant Roseland Veneer & Package Company, Limited, appealed, and from a judgment of the court of appeal affirming the judgment for plaintiff, defendants bring certiorari. Judgments of district court and of court of appeal annulled, and plaintiffs' demand rejected.